PER CURIAM.
This is a timely appeal from a conviction and sentence after a jury trial in which appellant was found guilty of the lesser-included offense of trespass on count I and guilty of possession of a burglary tool in count II. Count I had originally been charged as attempted burglary of a dwelling. Prior to appellant’s trial, the state filed notice of intent to seek enhanced penalties under the habitual offender statute should defendant be found guilty.
Sections 775.084(l)(a), (3), and (4), Florida Statutes (1987), contain the pertinent provisions of the habitual offender statute. Sections 775.084(3) and (4), in particular, set forth the procedure that the trial court must follow, as well as the necessary finding of facts, as a prerequisite to sentencing a defendant under this section. It is clear from the record that the trial court failed to follow the statutory procedures and make the necessary findings. We must therefore reverse as to point I.
*312 Appellant’s second point alleges error in the trial court’s sentence on count I, the trespass, wherein he was sentenced to one year in jail. Sections 810.08(1), (2)(a), Florida Statutes (1985), provide that trespass of a structure or conveyance is a misdemeanor of the second degree. We note that if appellant had been charged and convicted of trespass of a structure where a human being is present, or armed trespass, the offense would become a misdemeanor of the first degree, punishable by up to one year in jail. However, appellant was not charged with this offense. Since the maximum punishment for the crime of which appellant was convicted is sixty days in jail, we must reverse on point II as well.
This cause is reversed and remanded for resentencing on both counts, and should the state elect again to seek an habitual offender sentence, the trial court must follow the procedure and make the necessary findings as outlined in sections 775.084(3) and (4), Florida Statutes (1987).
DELL, WALDEN and POLEN, JJ., concur.